45  293
47a 430

## TIMOTHY SLATTERY

### v.

## GEORGE W. STEWART.

1. FRAUDULENT CONVEYANCES — *what deemed as to creditors.* William T. Stewart ordered a bill of goods from Beardslee & Brothers, and on the next day sold his entire stock in trade to his father, George W., on a debt owing to him. After such transfer, the goods ordered from B. & Bros. arrived, and Geo. W. at once incorporated them into the stock, a separate bill of sale being made : *Held,* in an action of trespass against the sheriff, for having levied a writ of attachment, sued out by B. & Bros. against William T. Stewart, upon the stock of George W., that the sale from William T. to George W. was fraudulent as to these creditors.

2. OFFICER — *levying attachment writ — liability of, where goods are mixed,* In such case the sheriff was not liable for having made a levy upon goods not belonging to the stock transferred by William T.; the plaintiff, George W. Stewart, having pointed out such goods as he preferred the sheriff to take, must be considered as having directed that the goods not belonging to the original stock should be taken, instead of those strictly liable to the levy, and cannot now complain.

APPEAL from the Circuit Court of Grundy county; the Hon. S. W. HARRIS, Judge, presiding.

This was an action of trespass, brought by the appellee in the court below, against the appellant, sheriff of Grundy county, for levying a writ of attachment, sued out of the Circuit Court of Grundy county, against one William T. Stewart, in favor of Charles Beardslee & Bros. upon the stock of goods alleged by appellee to have been purchased by him from said William T. Stewart. The further facts in the case are stated in the opinion.

Mr. E. SANDFORD, for the appellant.

Mr. T. B. HARRIS, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The record in this case presents substantially the following facts: In April, 1865, William T. Stewart bought a stock of goods in the town of Morris, and commenced business as a merchant. The purchase was made with money furnished by his father, George W. Stewart. The business being ill-managed, and proving unprofitable, the son, on the 30th of June, 1865, sold his stock to his father, who thenceforward continued the business in his own name. The day before this sale, a bill of goods was ordered from Beardslee & Bros. of Chicago, in the name of the son. They arrived a few days after the transfer to the father and were taken into his possession, and a separate bill of sale was made. On the 7th of September following, Beardslee & Bros. sued out an attachment against William T. Stewart, under which the sheriff levied upon sufficient of the stock of George W. Stewart to cover the amount of the debt, and included in the levy certain goods which had been bought by George W. Stewart since he had commenced business in his own name. For that levy George W. Stewart brought an action of trespass against the sheriff. A jury having been waived, the case was tried by the court, and a judgment rendered for the plaintiff for $364.77, which sum the court specifically found to be the value of the goods seized by the sheriff, and not in the original stock bought of William T. Stewart. This also appears in the proof. The defendant prosecuted this appeal.

In finding specially only for the value of the goods not bought of William T. Stewart, and holding the sheriff not liable for the seizure of the goods that were bought of him, the court held the sale from William to George fraudulent as to these attaching creditors. In holding the sale fraudulent as to Beardslee & Bros. the court decided correctly. The purchase from them was made through an order sent the day before the

transfer, and the goods were received several days after, and at once incorporated by the plaintiff into the stock. The two transactions were thus cotemporaneous, and we cannot but believe that when the stock was transferred by William T. Stewart to the plaintiff, they thereby intended to delay and defraud the creditors, of whom, at that time, they were ordering goods, with full knowledge, on the part both of plaintiff and his son, that the latter was utterly insolvent. The plaintiff paid his son nothing on the pretended sale of the stock, but took it on the debt due him. He had been much about the store, and was familiar with the business.

There can be no doubt that the Circuit Court took the right view of this transaction so far as relates to Beardslee & Bros. We have said thus much in regard to this question, because, if the pretended sale was not fraudulent to this extent, the judgment against the sheriff should not be reversed for the error we now proceed to consider, and for which we must reverse.

The error of the court consisted in holding the sheriff liable, under the facts proven, for the value of the goods levied on, so far as they were not a part of William T. Stewart's stock. If the plaintiff had pointed out these goods and claimed them as exempt, they would not have been liable to a levy. The counsel for appellee insists it was the duty of the sheriff to request the plaintiff to point out such goods as had never been owned by William T. Stewart. Even admitting that such would have been his duty, if the plaintiff had remained silent, yet it appears by the record that the plaintiff, when he saw the sheriff was proceeding to make a levy, notwithstanding his prohibition, requested him to leave an assortment, and to secure that, pointed out such goods as he preferred the sheriff should take. He must, therefore, be considered as having himself directed that the goods not belonging to the original stock should be taken, instead of those strictly liable to the levy, and can not now complain. In fact, having mixed these goods, when he saw it was the determination of the officer to levy, and knew him to be ignorant of any distinction between the goods, he should have pointed out the goods that had never

been owned by William T. Stewart. *Shumway* v. *Rutter*, 8 Pick. 447; *Bond* v. *Ward*, 7 Mass. 124; *Sawyer* v. *Morrill*, 6 Pick. 478.

In rendering judgment for the value of this portion of the goods levied on, we are of opinion the court erred, and the judgment must be reversed.

*Judgment reversed.*