## WILLIAM B. McCROSKY

*v.*

## DRURY C. LEACH *et al.*

1. ATTACHMENT—*fraudulent conveyance of property.* On the trial of an issue on a plea in abatement to a writ of attachment denying that defendant fraudulently conveyed certain real estate to a trustee for the benefit of defendant's wife, to hinder and delay creditors, it appeared that a few days before the issuing of the writ the defendant had made such a deed, which was left to be recorded, but in fact was never recorded, and that two days before the suit was brought, the deed, by consent of all parties in interest, was withdrawn and destroyed; that defendant executed the deed in good faith on information that he had a right to provide for his wife, but on learning that he could not, it was withdrawn and destroyed, so that at the date of the writ there was no deed in existence: *Held,* that the court, on these facts, properly found the issue for the defendant and quashed the writ.

APPEAL from the Alton City Court; the Hon. HENRY S. BAKER, Judge, presiding.

Messrs. KNAPP & HERDMAN, and Messrs. WARREN & POGUE, for the appellant.

Mr. WM. H. BARNES, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of assumpsit, commenced in the circuit court of Jersey county, with an attachment in aid, by the appellant against the appellees. The venue was, by the consent of parties, changed to the Alton city court, and the cause was heard by the judge of that court without the intervention of a jury. On the trial the court found the issues in the action of assumpsit for the appellant, and assessed his damages at the sum of $1868.63, and found the issue on the plea in abatement for the appellee Leach, and quashed the writ of attachment.

The grounds relied on to support the attachment were, that, on the 5th day of April, the appellee Leach fraudulently conveyed certain real estate to Robert W. Leach as trustee for Elizabeth F. Leach, so as to hinder and delay creditors in the collection of their debts, in violation of the act of February 13, 1865, which declares that if any "debtor has fraudulently conveyed or assigned his property or effects so as to hinder or delay creditors within two years" prior to the commencement of the suit, an attachment may issue as provided by law.

Upon the return of the writ of attachment the appellee Leach filed his plea in abatement, in which he denied that he had executed any such deed for the purpose of hindering or delaying his creditors, upon which issue was joined to the country.

On the trial, it appeared from the evidence that on the 5th day of April, 1869, the appellee Leach, and his wife, executed a deed for certain real estate to Robert W. Leach, as trustee for Mrs. Leach, wife of appellee ; that the deed was left to be recorded in the proper office, but was only placed among the files, and was, in fact, never recorded, and that two days before the present suit was instituted, and before the writ of attachment in aid was sued out and levied, the deed, by the consent of all parties in interest, was withdrawn and destroyed.

The appellee testifies that he executed the deed in good faith, having been informed that it was lawful for him to make provision for his wife in view of impending financial disaster, but on being advised to the contrary, by consent of his wife and the trustee, the deed was withdrawn from the files of the recorder's office and destroyed.

The testimony of the trustee, Robert W. Leach, sustains appellee as to the object and purpose of making the deed, and the subsequent destruction. He also states that, before the attachment was sued out, he informed the appellant that the

deed had been withdrawn from the recorder's office and destroyed. This, however, is denied by the appellant.

The single question presented is, whether the attachment was properly sued out in aid of the pending suit in assumpsit.

It is conceded that the deed of April 5th, executed by the appellee and wife to her trustee, was fraudulent in law, whether it was so in fact or not, the effect of which would have been to hinder and delay creditors, and if it had not been withdrawn and destroyed, would have authorized the issuing of the writ of attachment under the statute.

It is hardly necessary for us to discuss the question whether any title passed by the conveyance to the trustee for the benefit of Mrs. Leach, or whether it would require the execution of an instrument of equal dignity to the deed to place the legal title back in the appellee Leach, or to divest the *cestui que trust* of her interest in the estate. The controversy is not between the parties to the deed and the *cestui que trust*. It is certain, from the facts of the case, that neither the trustee nor the *cestui que trust* could assert any title to the lands as against the rights of the creditors of the appellee. All evidences of legal title had been destroyed, and the parties did not stand in a position to assert any equitable title.

It plainly appears that, at the date of issuing the writ of attachment, there was no legal title in existence or of record that clouded the title of the lands of the appellee, which would prevent the levy of the ordinary process of the law to enforce the collection of the debt of the appellant, nor was there any one in possession who could assert any equitable title to the estate. How, then, was the appellant in any manner hindered or delayed in the collection of his debt by any act of the appellee?

If it shall be conceded that the appellee intended to perpetrate a legal wrong on his creditors, yet, if he retracts his purpose before any one sustains an injury, it is difficult to understand how that contemplated act could be made the ground for sustaining an action against him.

So far as the appellee had attempted, whether from an innocent or a wrongful purpose, to place his property beyond the reach of his creditors, that purpose had been retracted before the attachment suit was instituted, and the property, without any cloud upon the title appearing from the record or otherwise, placed within the reach of his creditors, of which · facts the appellant was advised, or could have been by examining the public records.    There was absolutely nothing to prevent the appellant from using the ordinary process of the court to subject the property of the appellee to the payment of his debts, and there was, therefore, no necessity for resorting to the extraordinary remedy provided in the statute.

When the writ of attachment was sued out, the appellee had not, in fact, encumbered or conveyed his property and there is no evidence that he intended to do so, with a view to hinder or delay his creditors in the collection of their debts. Indeed, the evidence tends to show a contrary purpose, one entirely consistent with upright and fair dealing.

The court found correctly on the plea in abatement, and the writ of attachment was properly quashed, and its judgment must be affirmed.

*Judgment affirmed.*

Mr. Justice Thornton dissents.