WILLIAM JONES *et al.*

*v.*

JOHN P. KING *et al.*

1. VARIANCE — *in description of property cured by reference to record of deed.* Where a bill to set aside a deed as fraudulent refers to the book and page where the deed is recorded, and the decree follows the description of the property as given in the deed, it will be sufficient, notwithstanding it varies slightly from the description given in the bill.

2. PRACTICE — *objection to evidence must be made when introduced.* The fact that witnesses examined before a master in chancery do not sign their depositions may be good ground for suppressing their evidence, upon motion at the proper time; but if no such motion is made the objection is waived, and will not be considered when made for the first time in the Supreme Court.

3. EVIDENCE — *where declaration of party as to ownership of property is competent.* Where the grantor in a deed of conveyance remains in possession

---

[1] See *Chicago, Pekin, and Southwestern Railroad Company* v. *President and Trustees of Town of Marseilles,* 84 Ill. 145.

15 — 86TH ILL.

226    JONES *et al. v.* KING *et al.*    [Sept. T.

Opinion of the Court.

of the property conveyed, and uses and treats the same as if he was the owner, his declarations whilst so in possession, to the effect that he owned the property, are competent evidence upon a bill to set aside such deed as fraudulent.

4. FRAUDULENT CONVEYANCES—*when set aside as to creditors.* Upon a bill to set aside a deed as fraudulent, it appeared that the property conveyed was worth about $3,000, and that the alleged consideration for the deed was $1,400 — $100 in cash, and the balance in a promissory note due in two years. The grantor and grantee were related by marriage and on very intimate terms, and resided in the same house, and had so resided for some years. The grantor afterwards paid taxes on the property, rented it in his own name, collected the rents, and in all respects treated and managed the property as his own, whilst the grantee paid no attention to it, and did not claim to own it: *Held,* that the conveyance was merely colorable, and was properly set aside as fraudulent even as to one who became a creditor after the date of the deed.

5. SAME—*when void as to subsequent creditors.* Where a conveyance is merely colorable, and a secret trust and confidence exists for the benefit of the grantor, it is void, not only against prior, but subsequent, creditors.

APPEAL from the Circuit Court of Will County; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. HALEY & O'DONNELL, for the appellants.

Messrs. HILL & DIBBLE, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by appellees in the circuit court of Will county, against William Jones and Francis Kiernan, to·set aside an alleged fraudulent conveyance, executed on January 29, 1873, whereby certain lots in the city of Joliet were conveyed by Jones to Kiernan. The bill also prayed that the property might be subjected to sale upon an execution issued upon a judgment which appellees had recovered against Jones on January 23, 1875. To the bill appellants put in their joint and several answers, denying all fraud or intent to defraud any person; and in the answers it was set up that the conveyance was made in good faith and for a valuable consideration. A general replication was filed to the answers, and the cause proceeded to a hearing on the proofs, and a decree was rendered in

favor of the complainants as prayed for in the bill; to reverse which the defendants appealed.

Several questions of a technical character have been raised, which will be disposed of before we come to the merits of the case. The property involved is described in the bill as sub-lots 11 and 13 of lot 2 in block 7, West Joliet, which, the bill alleges, was conveyed by Jones to Kiernan by deed recorded in book 140, at page 606, of the Will county records,— while in the decree the property subjected to the lien of the judgment is described as lots 11 and 13 in Assessor's subdivision of lot 2, block 7, West Joliet. We do not consider the variance in the description as substantial. The reference in the bill to the book and page where the deed is recorded, which describes the property as it is described in the decree, would of itself seem to be sufficient.

It is next urged that the court erred in admitting appellees' evidence taken before the master, on the ground that the witnesses had not signed their depositions. This might have been good ground to suppress the evidence had a motion been entered in the circuit court for that purpose, but appellants have waived the objection by their silence. The record does not show that the objection was made in the circuit court, and when made for the first time in this court it comes too late.

It is also claimed that the evidence of G. D. A. Parks was improperly admitted, in which he identified certain papers — the files of the circuit court of Will county — in a case of *Geisse* v. *Jones*, and also stated the nature of the action which had been commenced. The object of this evidence was to establish the fact that when Jones made the conveyance of the property in question he was about to be sued in a certain case for $5,000 damages. This evidence tended to show that the conveyance of the property was made for the purpose of placing it beyond the reach of a party who was then threatening appellant Jones with an action to recover heavy damages, and for this purpose we consider

it proper to be considered in connection with the other evidence in the case. For the purpose of showing the conveyance fraudulent, appellees proved the statements and declarations of Jones to the effect that he owned the property after the deed was made. This is relied upon as error. The grantor, Jones, remained in possession of the property after the pretended sale, treating it and using it in all respects as if he was the owner. We are of opinion that his declarations made under these circumstances, while in the possession and use of the property as owner, may be regarded as competent evidence. Bump on Fraudulent Conveyances, 549.

This brings us to the consideration of the question whether the decree is sustained by the evidence. The alleged consideration for the property was the sum of $1,400 — $100 of which, it is claimed, was paid down, and a promissory note given for the balance, due in two years. At the time the sale was pretended to have been made, as the evidence seems to show, the property was worth about the sum of $3,000; it was renting for from $480 to $600 per annum. The two appellants resided in the same house, and had so resided for some years. They were on intimate terms, and were related by marriage. After the conveyance, Jones rented the property in his own name, claiming to own it; paid the taxes, improved the property, collected the rents, and indeed in all respects treated, used, and managed the property as owner. On the other hand, Kiernan gave no attention to the property, and, so far as is shown, did not even claim to own it. On one occasion, in November, 1873, he employed a tenant in one of the houses to paint a buggy. When it was done, he asked the tenant if he did not reside in one of Jones' houses; when, being informed by the tenant that he did, Kiernan remarked Jones was to pay one-half the bill for painting the buggy. He then paid one-half in cash, and the tenant settled the other half with Jones. It is true, Kiernan now claims Jones was his agent for the property; but, from the time the deed was executed

to the filing of this bill, the evidence discloses no single act done by Jones in the capacity of agent, nor was anything said or done by Kiernan to indicate that he was owner of the property.

We have not the time to refer to all the evidence bearing upon the apparent bad faith of the transaction, but we are fully satisfied, after a careful examination of all the proofs, that there was no *bona fide* sale of the property; that the pretended sale and conveyance were merely colorable, and that Jones was all the time the real owner, while Kiernan was a mere trustee.

It is, however, insisted by appellants that, appellees not having been creditors at the time of the conveyance, they can not assail it. We understand the rule to be settled, that where the conveyance is colorable merely, and a secret trust and confidence exists for the benefit of the grantor, the conveyance will be held void both as against precedent and subsequent creditors. This is the doctrine of Bump on Fraudulent Conveyances, page 319, where it is said: "If a conveyance is merely colorable, and a secret trust and confidence exist for the benefit of the grantor, it is void, not only against precedent, but subsequent, creditors; for it is in such case a continuing fraud, and may actually operate as such, as well in reference to debts contracted after as before the conveyance." The same principle is announced in *Hook* v. *Mowre*, 17 Iowa, 197, where a conveyance was made to defeat an old claim not proved to be a debt which could be enforced, and which never was enforced; but the court held the conveyance fraudulent and void as to subsequent creditors. This decision was placed upon the ground that there was a secret trust for the grantor, and in such cases subsequent creditors may avoid the conveyance. See, also, *Guffin* v. *First National Bank of Morrison*, 74 Ill. 259.

The consideration alleged to have been given for the property is so small and inadequate in comparison to its true value that it is unreasonable to believe a sale was

made.  The rent of the property in three years would have paid the amount alleged to have been given.  This fact, in connection with the manner in which Jones used and controlled the property, after the sale, for his own benefit, with the full knowledge and approbation of Kiernan, was enough of itself to establish the fact that Jones was still the owner.

The decree of the circuit court will be affirmed.

*Decree affirmed.*