## JAMES M. RIGOR ET AL.
## v.
## JONATHAN B. SIMMONS.

*Fraudulent Sales—Attachment—Garnishment—Practice.*

1. A bill of sale conveying all of a debtor's property to a creditor, with the provision that such creditor is to sell it, and after satisfying his own claim, return the balance, if any, to the debtor, will be regarded as an assignment for the benefit of a particular creditor and because of the reservation to the debtor, fraudulent, and void as to other creditors.

2. The court did not err in refusing to permit a person named, to be recalled to testify, on the day after both sides had closed their evidence and rested, nor in trying the case without a jury by agreement, the fact being that the trial judge had been counsel in a case to which one of the defendants was a party, previously tried before a justice.

[Opinion filed June 26, 1893.]

APPEAL from the County Court of Pope County; the Hon. GEORGE A. CROW, Judge, presiding.

Messrs. MORRIS, MOORE & MORRIS, for appellants.

Messrs. ROSE & SLOAN, for appellee.

MR. JUSTICE GREEN. Jonathan B. Simmons, a creditor of appellant Rigor, brought this suit in attachment to recover the debt due him, and set up in his affidavit as a ground for attachment that Rigor had within two years fraudulently assigned his property so as to hinder affiant in the collection of his debt. Appellants David H. and James F. Randolph were summoned as garnishees of Rigor. He traversed the affidavit by plea in abatement, and filed a plea of general issue to plaintiff's declaration. Issue was joined on these pleas. The Randolphs filed their answers to the interrogatories propounded to them as garnishees, admitting that Rigor made and delivered to them a bill of sale for a large quantity of lumber on November 19, 1892, which they allege they received in good faith in payment of a debt of $538.86 then due them from Rigor, and for no other purpose, and without fraud. By agreement, a jury was waived and the cause was tried by the court. The findings of the court were in favor of appellee on all the issues, and also against the Randolphs as garnishees of Rigor. Proper judgments and orders were entered by the court on the findings. The material questions in this case, upon which the decision hinges, are: Was the sale and delivery of the lumber by Rigor to the Randolphs fair and *bona fide*, and made only for the purpose of satisfying an honest debt? if so, it was valid and should be held good; or, was the sale and delivery made for a fraudulent purpose, participated in by the parties to it, and intended to cover up a part of the effects of Rigor and place them beyond the reach of his other creditors? if so, it was a fraudulent and void sale, and by it the Randolphs acquired no right to the lumber or proceeds as against Simmons.

These questions can be fairly determined only by considering the acts and declarations of the parties to the sale, the circumstances connected therewith, and the consideration for which the lumber was transferred under the bill of sale.

We think the evidence in the record warranted the trial court in finding that on November 15, 1892, a final settlement of all accounts between Simmons and Rigor was made,

and a balance of $300.06 was then due Simmons and remained unpaid when this suit was commenced. That on November 19, 1892, Rigor then owing this debt and in failing circumstances, which facts were then known to the Randolphs, executed and delivered a bill of sale and a large amount of lumber to the Randolphs for a pretended consideration of $500, no part of which was then paid, and the amount of the indebtedness due from Rigor to them was not then fixed or ascertained. That at the time of the pretended sale and delivery of the lumber, there was a secret agreement between the parties to it, that the Randolphs were to take the lumber, sell it, and from the proceeds first pay the debt which might be found owing them from Rigor, and then pay over to him the net surplus of said proceeds. That at the time of the sale, Rigor told Randolph not to say anything to the other boys about it, thus indicating a fraudulent purpose. That the value of the lumber was largely in excess of the debt then due from Rigor to the Randolphs, as afterward settled between the parties.

If the evidence justified the court in finding the foregoing facts were proven, as we hold it did, the sale and delivery of the lumber to the Randolphs was fraudulent and void as to Simpson and they were liable as garnishees.

A bill of sale conveying all of a debtor's property to a creditor, with the provision that such creditor is to sell it, and after satisfying his own claim, return the balance, if any, to the debtor, will be regarded as an assignment for the benefit of a particular creditor, and because of the reservation to the debtor, fraudulent and void as to other creditors. Selz, Schwab & Company v. Evans, 6 Ill. App. 466; Boies, Adm'x, v. Henney, 32 Ill. 130; Slattery v. Stewart, 45 Ill. 293; Hardin v. Osborne, 60 Ill. 93; Power v. Alston, 93 Ill. 587.

It is insisted on behalf of appellant that these authorities cited in appellee's brief do not apply to the facts in this record, but in our judgment they are all in point, and in each of them the rule announced as applied to the transaction between Rigor and the Randolphs disclosed by this record,

justifies the opinion we have expressed. It is said also, there was no evidence that Rigor was insolvent at the time the bill of sale was executed. David Randolph's evidence warrants the inference that Rigor was then in failing circumstances, and Rigor when testifying in his own behalf does not attempt to rebut such inference, or claim to have then had any other property. The court did not err in refusing to permit Rigor to be recalled to testify on the day after both sides had closed their evidence and rested. One of the reasons set up in support of the motion for a new trial, was that the court improperly tried the case without a jury, because he had been counsel in the case of Hall v. Rigor, in a justice's court. We have carefully examined the affidavit and counter affidavit filed, and are satisfied no injury was done appellants by reason of the county judge trying the case by agreement, without a jury. The amount of $300.06 damages recovered by Simmons was, as we think, the real sum due him from Rigor as shown by the evidence.

No sufficient reason appears requiring us to reverse the judgment and order of the County Court, and the same are affirmed.

*Judgment affirmed.*