## Edward P. Baker v. Sarah M. Mayo and Henry M. Bacon, Trustee.

1. RECEIVERS—*Facts Justifying the Appointment.*—The fact that the property is scant security for the debt; that the defendants personally liable are insolvent and unable to pay; that the rents, issues and profits are by the trust deed conveyed as part of the security; that appellant is in possession and collecting said rents and profits; and that complainant will suffer loss and damage unless a receiver is appointed, are sufficient to justify the order appointing the receiver.

2. APPELLATE COURT PRACTICE—*When the Court Will Not Consider an Assignment of Error.*—An assignment of error which applies to the refusal to vacate the order making an appointment of a receiver, which has been stricken from the record by order of this court, having been written there without leave after the transcript was here filed, will not be considered by this court.

**Foreclosure.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed December 5, 1899.

CHARLES PICKLER, attorney for appellant.

HENRY SCHOFIELD, attorney for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal in a foreclosure case. It is claimed by appellant's counsel that the court erred in appointing the receiver; that the decree was erroneous in requiring payment of the debt in gold coin, and in allowing a master's and solicitor's fees.

It appears that appellant purchased the equity in the property involved, but did not assume or agree to pay any part of the debt secured by the trust deed, and is not liable therefor. Appellant was served with summons, and not appearing, a decree *pro confesso* was entered against him of record. The order appointing the receiver, finds the following facts: that appellant is owner of the equity of redemption; that the bill has been taken as confessed against him, his wife, and the successor in trust named in the trust deed; that all the other defendants have entered their appearance in writing and consented to the appointment of the receiver; that the property is scant security for the debt; that the defendants personally liable are insolvent and unable to pay; that the rents, issues and profits are by the trust deed conveyed as part of the security; that appellant is in possession and collecting said rents and profits, and that complainant will suffer loss and damage unless a receiver is appointed.

The facts so found by the court are sufficient to justify the order appointing the receiver.

There is nothing in the record to show that there was evidence before the court, at the time the receiver was appointed, controverting such findings.

The default taken against appellant was subsequently vacated, and he has answered. He appears to have then

moved to set aside the appointment of the receiver. The fifth is the only assignment of error which applies to the refusal to vacate the order making such appointment, and that has been stricken from the record by order of this court, having been written there without leave after the transcript was here filed. We can not, therefore, consider such alleged error.

The decree finds the amount of the principal and interest due, and directs sale of the premises unless paid, within the time prescribed, in gold coin of the United States, in accordance with the provisions of the note which the trust deed was given to secure. It is said there is error in this, but the point is not argued; nor is there any assignment of error which advises us in what the alleged error is supposed to consist. If it is meant that because the decree includes interest and so finds a larger sum due than was due at the date of the master's report, it is erroneous; no such error is assigned. If the point was properly before us, it could not be sustained. McClain v. Weise, 22 Ill. App. 269–272. So far as we can ascertain from the abstract, the decree makes no allowance whatever for master's fees, and we discover no error in that respect.

It is suggested by appellant's counsel that the only evidence as to the reasonableness of the allowance for solicitor's fees, is contained in depositions returned with the master's report, which are not signed, and that it does not appear that such signatures were waived.

It is said in Jones v. King, 86 Ill. 225: "This might have been good ground to suppress the evidence had a motion been entered in the Circuit Court for that purpose, but appellants have waived the objection by their silence." The point was not raised before the master or in the trial court.

We are asked to allow appellee statutory damages upon the ground that the appeal was taken only for delay. We are of opinion that it is not a case requiring such allowance.

The decree of the Superior Court is affirmed.

Mr. Justice Shepard, having appointed the receiver, did not participate in the consideration of the case here.