McNeil & Higgins Co. v. Hovland.

McNeil & Higgins Co. v. James S. Hovland, Impleaded, etc.

1. FORMER ADJUDICATION—*Must Be Between the Parties to the Suit.*—Where a garnishee is not a party to an attachment issue, he is not concluded by the trial of that issue.

2. FRAUDULENT CONVEYANCES—*Void as to Creditors.*—The theory of the law is that a fraudulent conveyance passes nothing as against creditors. For all purposes of appropriating the property to the satisfaction of their various demands, it is deemed to be still vested in the debtor.

3. SAME—*Secret Understandings.*—A secret understanding or agreement between the parties to a sale for a benefit to accrue to or to be reserved by the vendor, the conveyance being absolute in its terms, is a fraud as to the creditors of the vendor.

Attachment.—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed October 4, 1900.

Statement.—Appellant brought attachment in the Circuit Court of Cook County against one Johnson, and served appellee as garnishee. Johnson made no defense upon the merits, but traversed the attachment affidavits, a trial of which issue resulted in a verdict for plaintiff for $401.47 and sustaining the attachment on which judgment was rendered in favor of the plaintiff. The seventh interrogatory to the garnishee inquired of him whether he had received a bill of sale of a certain store owned by Johnson and assignment of certain book accounts belonging to the latter with the understanding and agreement that when a certain indebtedness which the garnishee claimed was due and owing him from Johnson was paid out of the store or

accounts, the said store, or such as remained, with said accounts, was to be returned by the garnishee to Johnson or to his wife. The garnishee answered that he did not receive the bill of sale from Johnson with the understanding set out in the interrogatory, but that on the day of the execution and delivery of the said bill of sale, he, the garnishee, bought of Johnson, and Johnson sold to the garnishee, for the consideration of $705.34, all the goods, wares, merchandise and book accounts set out in the bill of sale, and upon the execution of the bill of sale the garnishee entered the premises where said goods, etc., were kept by Johnson, and took possession of the same and ever since has been and is now in the open, actual, manual, notorious and exclusive possession of the same, and that he did notify all the debtors of Johnson, whose accounts the garnishee bought, that he had so purchased said accounts, and to pay the same to him; also that there was no private understanding or agreement to reconvey the said goods to Johnson or his wife at any future time. To this answer of the garnishee the plaintiff replied, taking issue thereon, which, by agreement of the parties, was submitted for trial to the court without a jury. The trial resulted in a finding by the court for the garnishee and judgment thereon for costs against the plaintiff, from which this appeal is taken.

OSCAR B. McGLASSON and G. ALBERT McCULLUM, attorneys for appellant.

HERBERT S. DUNCOMBE, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Two contentions are made by appellant on this record, viz.: First, that the verdict and judgment in the attachment suit against Johnson precluded any review of the question of fraud in the sale by Johnson to the garnishee, on the hearing of the issue between the plaintiff and the garnishee; and, second, that the court erred in the exclusion of evidence and in its finding for the garnishee.

We think the first contention is not tenable because the garnishee was not a party to the attachment issue and could not be concluded by the trial of that issue in which he in no way participated. Gaytes v. Franklin Savings Bank, 85 Ill. 256; Bissell v. Lloyd, 100 Ill. 215.

Whether or not there was fraud in the sale of the goods and accounts from Johnson to Hovland, the garnishee, was an issue on the trial. The trial court ruled that the value of the goods could not be shown by the plaintiff. We think this was error. It is true that the garnishee's attorney admitted that the goods were worth $625 to $650, but that admission did not conclude the plaintiff. If it had been proven that the goods were worth twice that amount or more, the evidence would have been quite important in determining the good faith of the transaction between Johnson and the garnishee.

We are of opinion, however, from an examination of the evidence admitted, that it establishes actual fraud as between Johnson and the garnishee, and that the sale tended to hinder and delay Johnson's creditors. The evidence shows that Johnson was insolvent, that he was indebted to the garnishee more than $700, as well as divers other amounts to others, besides what was due to appellant; that he made an absolute bill of sale of his stock of goods, which he concedes is worth $650, and assigned $1,200 of accounts besides, which were presumably good accounts, there being no evidence to the contrary, as security to the garnishee for the amount of his debt, made the transaction upon its face an absolute conveyance of his property and turned over possession thereof to the purchaser, at the same time making an agreement that when the purchaser should be paid from the property his debt, whatever remained should be returned to Johnson. It is true, that when questioned with reference to the transaction he omitted the facts with regard to the sale, but this can not, in our opinion, change the situation as it stood at the time the bill of sale was made, which was calculated to deceive as well as delay creditors in the collection of their claims.

Moreover, it appears that the garnishee, after the making of the bill of sale, made attempts to settle with different creditors of Johnson for less than was due them; settled some at the rate of twenty-five cents on the dollar and some at fifty cents on the dollar, and declared that he was simply acting as a friend to Johnson, whom he wanted to get squared up, and that he intended to give Johnson back the store. All these facts, in our opinion, show that the bill of sale was fraudulent and void, should have been so held by the trial court, and the goods and accounts held by the garnishee subjected to the payment of the plaintiff's claim. Harding v. Osborne, 60 Ill. 93; Jones v. King, 86 Ill. 229; Power v. Alston, 93 Ill. 587; Bostwick v. Blake, 145 Ill. 85; Selz v. Evans, 6 Ill. App. 466; Rigor v. Simmons, 47 Ill. App. 428; Beidler v. Crane, 135 Ill. 98; Best v. Fuller, 185 Ill. 43–8, and cases there cited; Drake on Attachments, Sec. 458.

In the Beidler case, *supra*, the court say (pg. 98):

" A conveyance of property which is absolute on its face, but which is really intended as a mortgage or security, is well enough between the parties; but the settled doctrine is that such a transfer of property is fraudulent and void as to creditors."

And the court held that the assignment of certain patents had the natural and necessary effect to mislead, deceive and defraud creditors, and assuming that the transfers were for ample and valuable consideration, and " were not, as matter of fact, intended to accomplish connivous and dishonest purposes; yet, as there were trusts that were not disclosed by the writings, and were therefore secret trusts, it follows that the law itself regards the transactions as lacking the element of good faith, and conclusively infers fraud, and the courts are bound so to pronounce." (Citing numerous cases.)

In the Bostwick case, *supra*, p. 91, which was attachment in aid, the court say:

" The theory of the law is that a fraudulent conveyance passes nothing as against creditors. For all purposes of

appropriating the property to the satisfaction of their demands, it is deemed vested in the debtor."

In the Rigor case, *supra*, which was attachment, a bill of sale conveying all a debtor's property to a creditor, though it contained a provision that the creditor should sell it and after satisfying his claim return the balance to the debtor, was held to be fraudulent and void as to other creditors.

In the case at bar it is unnecessary to go to this extent, as here the agreement to return after satisfying the creditor and purchaser was a secret one.

In the Best case, *supra*, p. 48, the court uses the following language quoted from Bump on Fraudulent Conveyances: " A vendee who purchases property of an insolvent debtor for less than its value, thereby deprives the creditors of the difference and defeats their just expectations," and further says:

" A secret understanding or agreement between the parties to a sale for a benefit to accrue or to be reserved by the vendor, the conveyance being absolute in terms, is a fraud as to creditors of the vendor."

The sale from Johnson to the garnishee being fraudulent and void, the goods and accounts were the property of Johnson, which, or so much as might be necessary, the garnishee, as against a creditor, was bound to deliver to the officer holding the execution in favor of the plaintiff, and which should be sold by the officer and the proceeds applied to the payment of the execution. Hurd's Rev. Stat. 1899, Ch. 62, Sec. 20.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion. Reversed and remanded.