OPINION of die Court, by
Ch. J. Boyle.
Morrison leased a house in Lexington to Baylor for one year, for the use of col. Nicholas, and agreed to give two hundred dollars rent ; for the payment of which he executed 'his obligation. Of this sum Morrison paid one hundred dollars, and Baylor having occasion to employ Nicholas 'as a lawyer, in a suit then about to be commenced by him against Hart’s executor, agreed to give Nicholas the remaining hundred dollars for which .Morrison was bound; but before the cause was tried Nicholas died, having done nothing mote than draw the bill and give some council in relation to the management of the suit. After the death of Nicholas, Baylor still retaining Morrison’s obligation for the hundred dollars, instituted suit against him and recovered judgment for the amount, allowing a credit of ten dollars for the services Nicholas liad rendered, Morrison by his bill enjoined the proceedings upon the judgment. Upon final hearing the court btluw decreed a perpetual injunction, from which decree Baylor appealed.
Two questions arise in this case — 1st, Is Baylor in equity entitled to the money? 2d, Is Morrison bound to pay it ?
1st. That the agreement on the part of Baylor to give the hundred dollars was founded on the expectation Shat Nicholas would attend to the suit until its decision ⅝*# had ia th« court where it was instituted, cannot ba *104 doubted. Considering the contract on the part of Baylor as t:zr cutory, as the períbunatice on the part of Nicholas was prevented by his death, Baylor was indisputably reused from the obligation to carry it into effect on his part. Considering it as executed, and the hundred dollars in fact paid, there is no principle in the code of morality that would justifv Mu hol.tOs representatives in withholding it In.m Baviiir ; and our law, rounded in moral eauity, would authorise Baylor to reclaim it in on action for money paid upon a consideration whiJo nad iaihd. The failure of consideration being only in part, may affect the amount to be recovered in such a cast-, but does not change the principle. The right to recover pro tanto is the same as it would be to recover the whole, where there had been a total failure oí consideration.
M being N's executor, ought not to have relief in equity againft hUl-ga! 1.aV'ilt?y> uriris he fiiews he has eo ¿ijjtis Si was prevented bv B’s agreement wirh N from fecur-tng himfelr.
As to N’s íérvicesrender-ed,a jury directed to alíe. - h -w snuch he defer i.ujontiion So be oeroetuai fr»- in much, & "dífíalved for the fsliilue.
2d. In foro legis it is not pretended that Morrison is not bound to pay. The agreement of Bar lor with Nicholas was no legal discharge of Morrison’s obligation. It was not a payment, nor could it operate as a release,»
To shew that m foro couovientice Morrison is not bound, it ought to have been made to appear that in consequence of the agreement between,Baylor and Nicholas, Morrison was prevented from indemnifying himself for the payment of the hundred dollars, which he otherwise would have done. It does not appear that such was the effect of the agreement. But to understand the full force of Morrison’s obligation in equity to pay, it ought tobe remarked that it appears from the morel he is executor of Nicholas. If in his individual right he were not bound in joro comcientiw to the payment of the money, he could not nevertheless be permuted to claim in a tamrt of chancery an exemption from a legal obligation to pay, without shewing that in his fiduciary capacity he was not equitably bound. This h»* could have done only by shewing that he had no assets of his testator in his hands liable to the pay-, ment of Baylor’s demand ; and not having shewn this, we can see no principle which in good conscience entitles him to *he relief of a court of equity.
But Nicholas however was entitled to a compensation for tne set vices actually rendered, and as there is no certain criterion by which the chancellor can ascertain the amount, and aa is wotiW be contrary to all rule tf *105 '¿cave the amount to be fixed by-the arbitrary discretion ■of Baylor, it is proper that the cause should be remanded tor the purpose of having the amount ascfertained by the verdict of a jury.
It is therefore decreed and otdered by the court that the decree of the court bel w be reversed and set aside, and that the cause be remanded to said court, who aré hereby directed to causé a jury to be empannelled and sworn, to ascertain the amount bf the compensation to which Nicholas was entitled for the services rendered under the agreement with Baylor, and that the said court do decide that the injunction be made perpetual for so much, and dissolved as to the residue. The appellant to recover the cost of the appeal.