## THE TOWN OF MT. VERNON

### *v.*

## CHARLES H. PATTON.

1. TOWNS—*power to make contract to prosecute and defend suits.* The statute confers upon towns at their annual town meetings the power to provide for the institution and defence of all suits in which the towns are interested, and a town meeting may properly exercise that power by resolution directing the supervisor to procure legal services, and such a contract will be binding on the town when the amount agreed to be paid is not so great, in view of the interests involved, as to indicate bad faith.

2. BILL OF EXCEPTIONS—*presumption in favor of ruling below.* If, where the proceedings of a town meeting authorizing the employment of counsel are offered in evidence against the town, the record fails to show that they were not signed by the moderator, or that any objection was made on that ground, and they are admitted, it will be presumed that they were properly verified and admitted, unless the contrary is shown by the bill of exceptions.

3. CONTRACT—*recovery when performance prevented.* Where an attorney properly employed by a town to perform legal services, being ready and willing to perform the contract, is prevented from doing so by the proper officers of the town, he will be entitled to recover under the contract.

APPEAL from the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

This was an action brought in the court below, by Patton, against the town of Mt. Vernon, to recover for services as an attorney at law, under a contract alleged to have been made with the supervisor of the town.

Messrs. GREEN & CARPENTER, for the appellant.

Mr. THOMAS S. CASEY, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is insisted the supervisor had no valid authority to make the contract in question in behalf of the town.

It is provided by statute, that "the electors present at any annual town meeting shall have power   *   *   *   to provide

5—94 ILL.

for the institution, defence or disposition of suits at law or in equity in all controversies between the town and any other town, or any individual or corporation in which the town is interested."

At the annual town meeting on April 6, 1875, the meeting adopted a resolution, that "the supervisor is hereby required, * * * on behalf of said town, * * * to procure legal services, and to institute and defend all suits in law or equity * * * in which said town shall be interested, until otherwise provided."

On the 7th of April, 1875, the supervisor made the contract in question, by which he retained the appellee, an attorney at law, to institute and prosecute and defend certain legal proceedings, in which the town was clearly interested.

It is not perceived that there can be any want of authority to make the contract. The statute confers the power upon the town meeting to provide for the institution and defence of such suits; and by the resolution that power seems to have been properly exercised by directing the supervisor to procure legal services, and by the contract this was done.

There is no sufficient ground to question the binding force of this contract upon the other ground suggested, that it is "unconscionable." It is true, the whole controversy to which the litigation in question relates might be in fact ended by the conduct of one suit; but in view of the extent of the liability of the town involved in the controversy, and the importance of the matters, the amount of compensation agreed upon does not seem so great as to indicate bad faith.

It is said, the proceedings of the town meeting were not signed by the moderator and town clerk. This is not so made to appear by the record. When these proceedings were offered in evidence, no objection seems to have been made that they were not properly verified. It must be assumed that they were (the circuit court having received them in evidence,) unless the contrary be shown by the bill of exceptions.

Appellant by its own officers prevented appellee from performing the contract on his part, he being willing and able to perform.    Appellee was entitled to recover.

The judgment must be affirmed.

*Judgment affirmed.*