Millard v. County of Richland.

M. MILLARD

v.

COUNTY OF RICHLAND.

1. ATTORNEY AND CLIENT—CONTRACT FOR CONTINGENT FEES.—Appellant, February 3, 1877, contracted in writing with appellee to act as its attorney in defense of certain suits relating to bonds, and for his services was to receive $500 as retaining fee, and an additional fee of seven and one half per cent. upon the amount of the bonds, "in the event the county shall not be obliged to issue said bonds." It was also agreed, that "if any compromise is made without the consent of said Millard, he shall be entitled to seven and one half per cent. on the whole amount of bonds claimed, and such percentage shall be due when the validity of the bonds is determined in favor of said county." The contract was made when a mandamus was pending to compel the issue of the bonds. *Held*, that the contract was not *ultra vires*, and was not contrary to public policy.

2. RIGHT TO RECOVER WHEN PREVENTED BY BOARD FROM COMPLYING WITH CONTRACT.—On February 15th a judgment in the mandamus suit was entered against the county, and on the 28th of same month the board of supervisors, at their meeting, resolved that it would be unwise to prosecute the case further by appeal. At this time, the plaintiff in error and other attorneys at law were urging the board to appeal, and the case was then ready for appeal. *Held*, that this action or want of action by the board put it out of the power of plaintiff in error to comply with his contract, and he is in law entitled to his fee the same as if he had fully complied with the contract.

3. PREPONDERANCE OF EVIDENCE.—Although there is some testimony tending to show an abandonment of the contract by the plaintiff in error, the manifest preponderance of the evidence is that he was ready, able and willing to comply with his contract.

ERROR to the Circuit Court of Richland county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed October 10, 1883.

Mr. R. A. HALBERT and Mr. JAMES C. ALLEN, for plaintiff in error; cited Gaddis v. Richland Co. 92 Ill. 119; Richland Co. v. The People, 3 Bradwell, 210.

An appellate court reviews its former opinions only upon a petition for rehearing, except upon points left open for further proceedings: Ryan v. Martin, 18 Wis. 694; Rising v. Carr, 70 Ill. 596; Reed v. West, 70 Ill. 479; C. & A. R. R. Co. v. The People, 72 Ill. 82.

The contract is not illegal, immoral or against public policy: Ryan v. Martin, 16 Wis. 57; Town of Mt. Vernon v. Patton, 94 Ill. 65; Thompson v. Reynolds, 73 Ill. 13.

Where an attorney does not undertake to support the litigation at his own expense but merely agrees to render the ordinary services of an attorney in consideration of receiving a percentage of the money or a part of the thing recovered, the contract is lawful: Ryan v. Martin, 16 Wis. 57; Allard v. Lamarande, 29 Wis. 502; McDonald v. C. & C. R. R. Co. 29 Ia. 170; Cain v. Warford, 33 Md. 23; Moses v. Bagley, 55 Ga. 283; Howard v. Throckmorton, 48 Cal. 482; Mahoney v. Bergen, 41 Cal. 423; Martinez v. Succession, etc., 32 La. Ann. 305; Flower v. O'Connor, 7 La. 207; Duke v. Harper, 66 Mo. 50; Jewell v. Needy, Chicago Legal News, Aug. 18, 1883; Hoffman v. Vallejo, 45 Cal. 564; Kusterer v. Beaver Dam, 56

Millard v. County of Richland.

Wis. 471; Bayard v. McLane, 3 Harr. (Del.) 139; Major v. Gibson, 1 P. & H. (Va.) 48; Tapley v. Coffen, 12 Gray, 420.

Agreements to pay contingent compensation for professional services are not in violation of any rule of law or public policy: Wright v. Tibbits, 91 U. S. 252; Stanton v. Embrey, 93 U. S. 556; McPherson v. Cox, 96 U. S. 404; Ballard v. Carr, 48 Cal. 74; Christie v. Sawyer, 44 N. H. 303; Clay v. Ballard, 9 Rob. La. 308; Butterworth v. Kinsey, 14 Tex. 500; Whitehead v. Ducker, 11 S. & M. 98; Newkirk v. Cone, 18 Ill. 453; Morgan v. Roberts, 38 Ill. 65; Hughes v. Zeigler, 69 Ill. 38; Stansell v. Lindsay, 50 Ga. 360.

Corporations have all the powers of ordinary persons as respects their contracts except when they are expressly or by necessary implication restricted: Galena v. Corwith, 48 Ill. 424; New Athens v. Thomas, 82 Ill. 250; Douglas v. Virginia City, 5 Nev. 147; Tucker v. Virginia City, 4 Nev. 207; Reynolds v. Comr's, 5 Ohio, 204; Allen v. Cerro Gordo Co. 34 Ia. 54; City of East St. L. v. East St. L. G. L. & C. Co. 98 Ill. 415.

Messrs. Bell & Green and Mr. Aaron Shaw, for defendant in error; that a jury having been waived, the finding of the court on all questions of fact is entitled to as much force and effect as the verdict of a jury, cited Cook v. Thayer, 11 Ill. 617; French v. Lowry, 19 Ill. 158; Ambs v. Honore, 24 Ill. 122; Eastman v. Brown, 32 Ill. 57; Wood v. Price, 46 Ill. 435.

As to setting aside verdict: Hill v. Ward, 2 Gilm. 285; Powell v. Feeley, 49 Ill. 143; Carrigan v. Hardy, 46 Ill. 502; C. & N. W. R'y Co. v. Ryan, 70 Ill. 211.

As to the contract being contrary to public policy: Thompson v. Reynolds, 73 Ill. 11; Hyde v. Hanna, 47 Ia. 264; Key v. Vattier, 1 Hammond (Ohio), 132; Weakley v. Hall, 13 Ohio, 167; Boardman v. Thompson, 25 Ia. 487; Ellwood v. Wilson, 21 Ia. 523.

The contract is *ultra vires:* East St. Louis v. Wehrung, 50 Ill. 28.

If any part of the consideration of a contract is contrary to

public policy the whole contract is void: Valentine v. Stew-art, 15 Cal. 387; Rose v. Truax, 21 Barb. (N. Y.) 361.

CASEY, J.   This cause was in this court at the August term, 1881: County of Richland v. Millard, 9 Bradwell, 396. In the opinion filed at that time, we said: It may be that the plaintiff is entitled to his fee; that these bonds were issued, through the fault of the county and without the fault or consent of the plaintiff, but this, if true, is not shown.   As we read the contract the plaintiff was to prevent the issuance of the bonds unless issued under a compromise without his consent, and to recover the amount fixed by the contract he must show that he has performed, or by the act of the other party has been released from performing, his part of it.   The judgment of the circuit court was reversed and the cause remanded.   Since that time the plaintiff has amended his declaration by filing two additional counts.   The second count sets out the contract and avers that a compromise was made by the county without the consent of the plaintiff, etc.

The third count sets out the same contract and avers that the plaintiff was ready, able and willing to perform his part of the contract and was prevented from doing so by the act of the defendant.   To the amended declaration the general issue was filed, upon which issue was joined and by agreement a jury was waived and the cause was submitted to the court.

Upon a hearing by the court, judgment was entered in favor of the defendant and the case is brought to this court by a writ of error.

There is no evidence in the record to support the first and second counts in the declaration.   The evidence does not show a performance of the contract by the plaintiff as charged in the first count in the declaration and neither does it show any compromise by the defendant as charged in the second count.   The contract sued on is as follows:

This agreement made by and between the county of Richland, Illinois, and M. Millard, witnesses that the said M. Millard is hereby retained and employed as counsel for said

county to act in conjunction with the State's Attorney in defending all such suits as are or may be instituted against said county for the purpose of compelling it to issue bonds to the Grayville and Mattoon Railroad Company and to take such steps in respect to the issuing of said bonds as may be necessary to save and protect the legal rights of the county in the premises. And in consideration thereof, the said M. Millard shall receive as compensation for his services the sum of $500 as a retaining fee and seven and one half per cent. in addition, in the event the county shall not be obliged to issue said bonds on the amount claimed by said Company, being $200,000.

It is also agreed that if any compromise is made without the consent of the said M. Millard, he shall be entitled to seven and a half per cent. on the whole amount of bonds claimed and such percentage shall be due when the validity of such bonds is determined in favor of said county by the courts to which the question may be carried or in which the question of the validity of such bonds may be finally decided. It being understood the services of said M. Millard shall be performed when a decision is obtained which determines that said county is not required by law to issue said bonds. Dated February 3, 1877.

(Signed)

J. M. LONGMAKER,
CHARLES SCHULTZ,
JACOB BEARD,
A. G. KENDALL,

Committee of the board of supervisors of Richland county.

WILLIAM NEWELL,

Chairman of the board of supervisors of Richland county.

M. MILLARD.

It is insisted by the defendant in error that the contract sued on is contrary to public policy and that therefore there can be no recovery or that the contract can not be enforced.

We do not so understand the law as held in this State.

The case of the Town of Mt. Vernon v. Patton, 95 Ill. 65, seems to be decisive of this question. Mr. Patton made his contract with the supervisor of the town. He was to receive

as a retainer the sum of $200, and as further compensation for his services, in case he succeeded, the town was to pay him $2,250. The object of the suit was to test the validity of $15,000 of the bonds of the town before that time issued and delivered to the St. Louis and Southeastern R'y Co. In case the courts held the bonds invalid, thereby relieving the town from taxation, he was to recover as his fee fifteen per cent. of the amount of said bonds, that being the sum of $2,250, and in case he did not succeed he would not be entitled to any sum from the town except the retainer of $200. Under this contract a bill in chancery was filed to enjoin the collection of taxes so far as they went to pay the interest on the bonds in question. After the suit had been pending for some time the supervisor employed other counsel and, against the protest of Mr. Patton, dismissed the suit.

An action on the contract was brought against the town and judgment was rendered in the circuit court for the sum of $2,450. That being the amount of fifteen per cent. and the retainer which had not been paid by the town. The judgment of the circuit court was affirmed in the Supreme Court.

In the Supreme Court it was insisted that the supervisor had no valid authority to make the contract in question. The court said: " It is not perceived that there can be any want of authority to make the contract. The statute confers the power upon the town meeting to provide for the institution and defense of such suits ; and by resolution that power seems to have been properly exercised by directing the supervisor to procure legal services, and by the contract this was done."

The court further says: "Appellant by its own officers prevented appellee from performing the contract on his part, he being willing and able to perform. Appellee was entitled to recover."

This question being disposed of, the only remaining question is whether the amounts in the third count of the declaration are sustained by the proof. It will be remembered that in that count it is averred that the plaintiff was ready, able and willing to perform on his part and was prevented

from doing so by the action or want of action of the defendant.

At the time the contract was made by the defendant with the plaintiff in error a petition for a mandamus was pending in the Lawrence Circuit Court to compel the county board of Richland county to issue and deliver to the Grayville & Mattoon R. R. Co., $200,000 of the bonds of the said county of Richland.

After the contract was signed, plaintiff appeared in the Lawrence county Circuit Court and filed a demurrer to the petition for a writ of mandamus. The demurrer was not disposed of by the court. Two of the members of the county board of Richland county were present and employed Mr. Callahan as an attorney in the case, with the consent of the plaintiff in error first had and obtained, the county and the plaintiff in error each paying equally his fee. An answer to the petition was prepared and filed, and the attorneys of the petitioner entered a motion for a peremptory writ of mandamus which was granted by the court. Exceptions were taken to the ruling of the court. An appeal prayed and allowed upon the defendant entering into bond in the sum of $5,000 with sureties within twenty days of the last day of that term of court. The appeal bond was prepared by Mr. Callahan and sent to the defendant. The plaintiff, by a letter which was read to the defendant while in session as the county board, and through Mr. Longnecker, the State's Attorney, urged the defendant to prosecute an appeal in said cause. The case was decided in the Lawrence Court on the 15th day of February, 1877, and as stated, twenty days were allowed defendant to perfect an appeal. Instead of taking an appeal the board of supervisors of Richland county on the 28th day of February, 1877, passed the following resolution:

"*Resolved*, that the full and thorough investigation of the mandamus case, the G. & M. R. R., before Judge Allen, and the opinion and judgment of the court therein, furnishes clear and satisfactory evidence that it would be unjust to the people and unwise in us as a Board of Supervisors to prosecute the case further by appeal."

This resolution was adopted before the time for taking the appeal had expired. The board made no complaint whatever as to the action of the plaintiff neither did it heed the suggestions of the plaintiff.

The conclusion not to prosecute an appeal made it absolutely impossible for the plaintiff to prevent the issuing of the bonds. The bonds were subsequently issued. It further appears that the mandamus proceeding was the next year brought to this court upon a writ of error by the plaintiff in this suit, and at the July term of this court, 1878, the judgment of the mandamus case was reversed. Before that proceeding, however, the bonds had been issued.

The Supreme Court also in the case of Gaddis v. Richland County, 92 Ill. 119, held there could be no recovery in a suit brought on a coupon of one of the bonds issued by the county board as before stated.

After considering all the evidence we think it very clear that the plaintiff was ready, willing and able to perform his part of the contract. That when the board of supervisors refused to prosecute an appeal in a mandamus suit, they, as before stated, made it impossible for him to comply with the contract. The county board on the third day of February, A. D. 1877, contracted with the plaintiff to permit the issuing of the bonds. On the 15th of the same month a judgment in the mandamus proceeding had been entered against the county, and on the 28th of the same month the board of supervisors resolved, that it would be unjust to the people, etc., to appeal at this meeting of the board.

When this resolution was adopted the plaintiff and other attorneys at law were urging the board to appeal. The case was then ready for an appeal. It was then fully and completely in the power of the board of supervisors to say whether they would prosecute the appeal and allow the plaintiff to comply with his contract by promoting the issuing of the bonds or decline to take an appeal and issue the bonds. The board of supervisors took the latter course, against the remonstrances of the plaintiff and others. This action or want of action by the county board put it out of the power of the

plaintiff to comply with his contract and he is in law entitled to his fee the same as if he had fully complied with the contract. There is some testimony tending to show an abandonment of the contract by the plaintiff, but the manifest preponderance of the evidence is that he was ready, able and willing to comply with his contract.

For this reason the judgment of the circuit court is reversed and the cause remanded.