JOHN QUIGLY AND MICHAEL QUIGLY, EXECUTORS,

v.

CATHERINE HAROLD.

*Action to Recover for Domestic Services Performed for an Uncle—Presumption—Statute of Limitations—Instructions—Practice—Interest.*

1.  The presumption that services performed by one while residing with a near relative were intended to be gratuitous, is weaker where the relationship is distant than if near, especially if the parties had not previously been domiciled together.

2.  In the case presented, it is *held:* That the evidence sustains a verdict for the plaintiff; that the claim is not barred by the Statute of Limitations; and that certain modifications in the instructions asked were proper.

3.  An objection not based upon an assignment of error can not be considered by this court.

4.  Under Sec. 3, Chap. 74, R. S., where the entry of the judgment is delayed, interest on the verdict may be made a part thereof.

[Opinion filed January 15, 1887.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. KAY & EUANS, and BULL, STRAWN & RUGER, for appellants.

Quigly v. Harold.

Messrs. M. O'SHAUGHNESSY and W. H. HARRY, for appellee.

BAKER, P. J.   This was a claim of Catherine Harold against the estate of Michael Nowlan, deceased.   It was tried in the Circuit Court, on appeal from the County Court, and Catherine Harold recovered judgment for $438.

The basis of the recovery was the work and labor of appellee while she was a young and unmarried woman, for her uncle, the testator of appellants, at intervals during the year 1864 and subsequent years.   It is claimed that appellee, while living in Ireland with her parents, who were in comfortable and prosperous circumstances, made a contract with the deceased in his lifetime and when on a visit there, to come to America and work for him as housekeeper on his farm, and that no price was fixed for such services, but that the deceased agreed to compensate and reward her at his death for all she should do for him.   The claim was for 124 weeks services, doing housework, sewing, etc., and the value of the services was variously estimated by the witnesses at from $2 to $5 a week.   It appears the uncle was a bachelor, quite old, and very penurious; that there was considerable work to be done on the farm during the busy season and comparatively little to be done during the winter months; that at his suggestion the niece did housework for others at Chicago and elsewhere, from late in the fall until spring, and then returned to the farm and worked for him, such work for him not exceeding eight or nine months in any one year ; and that from the wages earned elsewhere she clothed and otherwise provided for herself.   No point is made that she did not work the number of weeks charged, or that her services were not worth the amount allowed therefor.

It is, however, insisted that the proof of the contract relied upon by appellee was not sufficient.   This is not one of that numerous class of cases wherein it is sought to recover for services rendered to a father or other near relative upon an implied promise of compensation.   It should also be borne in mind that while the rule is that where one lives with and

performs services for a near relative the presumption arises such services were intended to be gratuitous, yet, in such cases the more distant the relationship the weaker such presumption, and it would not have the force and controlling effect where the parties are uncle and niece, that it would have where they are parent and child; and more especially would this be the case where, at the time the niece went to live with and work for the uncle, she was eighteen years of age and had never theretofore been domiciled in his house.    Morton v. Rainey, 82 Ill. 215.    The claim here in suit was based upon an express contract, and that contract was clearly and intelligently testified to by Martin Doyle, brother of appellee, and his evidence was supported and corroborated by the statements of Mr. and Mrs. O'Toole, neighbors of the deceased, who testified to frequent admissions made by the latter in his lifetime.    If there is any evidence in the record tending to show the services were intended to be gratuitous or that they have been paid for, it is of so slight a character that it is unnecessary it should be mentioned.    In our opinion the proofs amply sustain the verdict.

By the express terms of the contract the work and labor to be performed was not to be recompensed or rewarded until the death of Michael Nowlan, and he died in March, 1884. This proceeding was commenced in the County Court in December of that year, and the Statute of Limitations is no bar to the claim, or any part of it.

There is no merit in the objections made to the instructions that were given for appellee on the trial.

There was no error in the third of the three instructions that were requested by appellants and modified by the court. Without such modification, and in view of the evidence before the jury, it would have been misleading and erroneous.    As asked, it stated a hypothetical case, and informed the jury that if they found such hypothetical case to exist, they should find the issues for appellants.    This hypothetical case was not inconsistent with the contract set up by appellee, but merely ignored it; the amendment told the jury, in substance, that in addition to the hypothetical case, they should also

believe there was no such agreement as claimed by appellee and " that no other services were performed by plaintiff under any other arrangement." The office of the amendment was merely to qualify the supposititious case stated in the instruction as originally drawn. It is plain that if the work was done under the contract alleged by appellee or under some arrangement of the parties, " other " than that mentioned in the case supposed, then such supposed or hypothetical case should not have controlled the decision of the jury.

It is suggested in the brief filed on behalf of appellants, that the judgment entered was for $4 more than the verdict, after the remittitur was deducted. There is no assignment of error that the judgment was rendered for too large a sum, or any other assignment under which appellants can avail themselves of this objection. Were the point properly before us, the discrepancy might be in part accounted for by the fact the judgment was not entered until quite a considerable time after the return of the verdict, and the latter clause of Sec. 3, Chap. 74 Revised Statutes, provides, that when judgment is entered upon any verdict, interest shall be computed at the rate of 6 per centum per annum from the time when rendered to the time of rendering judgment upon the same, and made a part of the judgment; and as to the residue of the discrepancy the maxim, *de minimis non curat lex*, would apply. McNutt v. Dickson, 42 Ill. 498.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*