BADGER v. CELLER.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

1. ATTORNEY AND CLIENT—CONTINGENT FEE—DEATH OF ATTORNEY.
　　Where an attorney, employed to prosecute a suit under an agreement by which his fees were to be a share of the amount recovered,—he to receive nothing if the suit was unsuccessful,—died during the pendency of an action commenced by him pursuant to such agreement, the client is not, before any recovery is had, liable to the attorney's personal representative for the value of the services performed by the attorney in the case.

2. SAME—COSTS PAID BY ATTORNEY—LIABILITY OF CLIENT.
　　The personal representative of an attorney may, after his death, recover the costs advanced by the latter, in his lifetime, in a litigation which he was conducting on a contingent fee, before the termination of the lawsuit, where there was no agreement in respect thereto between the attorney and client.

Agreed case between Elisa Hall Badger, as executrix of William W. Badger, deceased, and Emilie Celler, submitted pursuant to Code Civ. Proc. § 1279. Judgment for plaintiff.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

J. Aspinwall Hodge, Jr., for plaintiff.
Montague Lessler, for defendant.

INGRAHAM, J. The facts upon which this controversy arises, as stated in the agreed statement of facts, are as follows: The defendant was the owner of certain premises in the city of New York, and

retained William W. Badger, an attorney and counselor at law, to prosecute an action for injunctive and other relief against the Manhattan Railway Company, operating an elevated railroad in front of the premises owned by the defendant herein. The said retainer was in writing, and by it the said William W. Badger was retained to collect all claims of the said Emilie Celler against the Manhattan Railway Company and others for the value of the easements, and for damages to the said premises caused by the building and running of the elevated railroad. The defendant therein agreed to pay the said attorney for his services an amount equal to one-fourth of the sum recovered and received therefor. The said Badger agreed to prosecute and collect said claim on the above terms, and to retain one-fourth of the claim so recovered and received for his services; and, if the said attorney failed to collect, he was not to receive anything for his services, and no settlement should be made without his consent and that of the said owner. In the year 1891 said Badger brought an action, in which the defendant was plaintiff, against the Manhattan Railway Company; and in the prosecution thereof said Badger rendered numerous important services and made certain necessary disbursements in the preparation and service of pleadings, in the examination of the title to said premises, and in the preparation for trial. The said services were faithfully and diligently performed by said attorney until December 14, 1898, when he departed this life, at which time the said action was still pending and undetermined, and no settlement thereof had been made. On December 14th the said action was prepared for trial, and within a few weeks of being reached on the calendar. The services so rendered and performed by the said Badger up to the time of his death were reasonably worth the sum of $500, and the disbursements made by him in said action amounted to the sum of $65. The plaintiff demands judgment against the defendant for the sum of $565, with interest thereon; and the defendant demands that judgment be rendered in favor of the defendant against the plaintiff for the cost of the action or proceeding.

The question presented is whether the said William W. Badger, having died before the trial of the action, and having failed to collect the claim of the defendant against the Manhattan Railway Company, or to recover anything thereon, was entitled to be paid for his services rendered in the action, or for the disbursements incurred and paid by him in the prosecution of the action. The substance of the agreement was that Badger was to institute and prosecute an action against the Manhattan Railway Company; and for his services in the prosecution of that action, and the collection of the defendant's claim against the company, he was to be paid a percentage upon the amount of the recovery, and to retain for such services one-fourth of the claim so recovered and received, with the express provision that, if he failed to collect, he was not to receive anything for his services. Such an agreement is valid under the law of this state. Where an attorney makes a contract whereby he agrees to render professional services for a fee contingent upon the recovery which he may succeed in obtaining, if he fails to collect the claim or demand sued on he is to receive nothing for his services. It is a condition

precedent to his being entitled to compensation that he should succeed in obtaining for his client a recovery upon the claim to be sued upon or prosecuted. By the express agreement, the attorney's right to compensation for his services was dependent upon his success in enforcing the claim to prosecute which he was retained. Whether his success in the action is prevented by his death before the successful prosecution of his action or proceeding, or in consequence of the court's adjudging the claim to be incapable of enforcement, or for any other reason, is not material. By his contract he has agreed that his right to compensation for his services shall depend upon his success in collecting a claim which he is employed to prosecute, and, in the absence of evidence that he has successfully prosecuted such claim, he is not entitled to compensation. We are not now concerned with a determination of the question whether an attorney employed under such a contract as the one in question, who has rendered valuable services which result in his client's obtaining a substantial recovery upon the claim which he was employed to enforce, although such recovery should happen after the death of the attorney, would be entitled to some compensation for the services which he had rendered. The controversy here is still undetermined. The defendant has recovered nothing upon the claim or demand, and certainly until such recovery has been obtained the attorney or his representatives are entitled to no compensation.

None of the cases cited by counsel for the plaintiff apply. In the case of Coe v. Smith, 4 Ind. 79, relied on by the plaintiff, the attorney was retained, and by an agreement he was to be paid $500 upon the completion of his services. There was no agreement that the attorney should not be entitled to compensation if he failed to successfully conduct the litigation. The receipt of compensation was not conditioned upon a recovery by the attorney upon the claim or demand which he was employed to enforce. In Clark v. Gilbert, 26 N. Y. 282, the plaintiff's testator was employed to take charge of the defendant's interest in the building of a dry dock, and was to be paid a specified salary for his services, and also one-third of all the profits that should be paid to the defendant for the business; payments to be made to the plaintiff's testator as fast as the profits should be ascertained and divided, or in any way drawn from the business. The plaintiff's testator faithfully performed the duties according to the agreement until his death, and it was held that he was entitled to recover for the services actually rendered by him under the contract before his death. This rule also appears to have been applied by the court of appeals in the case of Dolan v. Rodgers, 149 N. Y. 495, 44 N. E. 169, where the court say:

"Whether an implied assumpsit springs from the benefits received, or the contract is regarded as severed by the happening of the contingency, and as operative until then, but inoperative afterwards, or a failure to completely perform is, under the circumstances, a failure of the entire consideration, leaving each party to recover for what he has done upon an implied request, is not settled by the authorities. As they unite in holding that the contract furnishes the measure of recovery, they apparently regard it as still operative to some extent. The theory that the contract is in force pro tanto is the simplest, and seems to be the nearest approach to the apparent intention of the parties."

And that seems to have been the principle decided in Clark v. Gilbert, supra.

Here, as before stated, the liability of the defendant must be determined by the obligation which he assumed under his contract. By the contract he was not to be paid a certain sum of money for the services rendered, the complete performance of which was prevented by the attorney's death. What the plaintiff's testator here agreed to was that the services should be paid for by the retention by him of a proportionate amount of what he recovered in the proceeding that he was employed to prosecute, and that, if he recovered nothing, he should be paid nothing. The right to any compensation for the services rendered, therefore, depended solely upon the success of the attorney in recovering for the defendant in the action or proceeding which he was retained to prosecute; and, in the absence of proof of such a recovery, the attorney was not entitled to any compensation for the services rendered.

The question of the disbursements necessarily incurred by the attorney in the prosecution of the claim stands upon a different basis. It was not a part of the agreement that the attorney should pay such disbursements. In fact, such an agreement, if made, would have been void. The submission states that Badger was retained to institute these proceedings; that under such retainer, and on behalf of the defendant, he commenced an action against the Manhattan Railway Company, and prosecuted the same until his further services were rendered impossible because of his death. The necessary disbursements incurred in such an action were made on behalf of the defendant, and for that the client would be responsible to his attorney. This obligation to repay such disbursements was not conditioned upon success in the action. The disbursements were made by an attorney, on account of his client, in the prosecution of an action which he was retained to prosecute. It is expressly stated that the disbursements made by Badger were necessary disbursements; and for the necessary disbursements actually made by the attorney we think the client is liable.

The plaintiff is therefore entitled to judgment for the sum of $65, and no costs should be awarded to either party upon the submission. All concur.