[No. 1004.   September 13, 1904.]

GEORGE W. JOHNSTON, Administrator of the Estate of T. A. FINICAL, deceased, Appellant, v. THE BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY, Appellee.

### SYLLABUS.

1. An account for unpaid salary, as district attorney of Bernalillo county, void under the Bateman Act, was revived by chapter 39, Laws of 1901, and said county was thereby made liable to pay the same.

2. The personal representative of an attorney who performed services under a contract for fees, but died before full performance, can recover only such reasonable proportion of the contract price as the services performed bears to the whole services contracted for, or as otherwise stated, the reasonable value of the services performed.

Appeal from the district court of Bernalillo county before BENJAMIN S. BAKER, Associate Judge. Reversed and remanded.

McMILLEN & RAYNOLDS for appellant.

The salary provided for the district attorney of Bernalillo county to be paid by the county is $600 per annum.

Comp. Laws 1897, sec. 2578.

The court cannot incorporate into a contract what has been omitted by the parties to the same.

Hudson Canal Co. v. Penn. Coal Co., 8 Wall. 290.

Nor is the court at liberty either to disregard words used by the parties, or to insert words which the parties have not made use of.

Harrison v. Fortlage, 161 U. S. 63.

The court cannot make, but only enforce contracts.

Imperial Fire Ins. Co. v. Coos County, 151 U. S. 462; Calderon v. Atlas Steamship Co., 170 U. S. 280; Territory v. Co-operative B. & L. Association, 62 Pac. 1097.

F. W. CLANCY for appellee.

The contract sued on was *ultra vires.*

Comp. Laws 1897, secs. 649, 1765; U. S. Trust Co. v. Territory, 10 N. M. 423; Lancaster County v. Fulton, 5 L. R. A. 437; 128 Pa. 59.

The elementary canon of interpretation is that the whole contract must be brought into view and interpreted with reference to the nature of the obligations between the parties and the intention which they have manifested in forming it.

O'Brien v. Miller, 168 U. S. 297; Chitty on Contracts, 90.

Contracts like this the subject-matter of which concerns the public interests, are to be construed in favor of the public.

Joy v. St. Louis, 138 U. S. 38.

The contract not having been fully performed, and being one that required special skill and professional knowledge, it is terminated by the death of the person bound to render the services, and no right of action can survive to his executors.

Chamberlain v. Dunlap, 22 Am. St. 812, and note; Marvel v. Phillips, 44 Am. St. 372.

Cases in which the trial court is not conclusively bound by the decision of the court above:

3 Cyc. 493.

### STATEMENT OF THE CASE.

This case embraces two causes of action. The first is for a balance due on account of salary, approved at various times from October 4, 1897, to January 3, 1901, for official services of T. A. Finical, as district attorney, and amounts to $512.50. The second is for services rendered under a special contract with said Finical to bring suit for certain delinquent taxes, and plaintiff claimed therefor $1,422.68. This made a total claim of $1,935.18 against the county. Upon the final hearing the court held, as a matter of law, that the plaintiff had no claim on his first cause of action and dismissed the complaint as to that, and awarded judgment for plaintiff on the second cause of action, for $102.87. Plaintiff appeals.

### OPINION OF THE COURT.

PARKER, J.—The first cause of action is an unpaid balance of salary as district attorney. This, like all other current expense items of the county, was subject to the provisions of what is known as the Bateman Act, the pertinent sections whereof, as they appear in the Compiled Laws of 1897, are as follows:

"Sec. 299. From and after the date of the passage of this act it shall be unlawful for any board of county commissioners, city council, town trustees, board of education, board of trustees, or board of school directors of any school district, for any purpose whatever to become indebted or contract any debts of any kind or nature whatsoever during any current year which, at the end of such current year, is not and cannot then be paid out of the money actually collected and belonging to that current year, and any and all kind of indebtedness for any current year, which is not paid and cannot be paid, as above provided for is hereby declared to be null and void and any officer of any county, city, town, school district

or board of education, who shall issue any certificate or other form of approval of indebtedness separate from the account filed in the first place or who shall, at any time, use the fund belonging to any current year for any other purpose than paying the current expenses for that year, or who shall violate any of the provisions of this act, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than one hundred nor more than one thousand dollars or be confined in the county jail for a period of not more than six months or by both such fine and imprisonment, in the discretion of the court trying the case.

"Sec. 300.   All fees, salaries and perquisites of the different officers of the several counties, cities, towns, boards of education, school districts, district attorneys and any and all other officers shall be reduced in the event there is an insufficient collection of money with which to pay them as provided by law for their services in any current year so that there shall be no violation of the provisions in this act as to incurring indebtedness for any current year over and above the money actually collected for that current year.

"Section 301.   In the event that there is an insufficient amount of money collected during any current year with which to pay for the services, fees, and salaries of the several officers mentioned in section three hundred, then and in that event the said officers and all creditors shall receive in full payment of their respective claims each his *pro rata* share of the money collected, and the payment of said *pro rata* part shall be made quarterly between all officers and creditors and in the event of an insufficient amount of money to pay in full for any one quarter the officers and creditors remaining unpaid shall not be paid that amount until the salaries and expenses of the next succeeding quarter or quarters shall have been paid, and in the event all the officers and creditors of any one quarter shall have been paid in full

and there remains any money for the current year, the same shall then be distributed *pro rata* among the said officers and creditors.

"Sec. 302. The void indebtedness mentioned in section two-hundred and ninety-nine shall remain valid to the extent and for the sole purpose of receiving any money which may afterwards be collected and belongs to the current year when they were contracted, and collection thereof when made, shall be distributed *pro rata* among the creditors having the void indebtedness, and in the event all of the valid and void indebtedness of any current year are paid in full and there is money for that current year remaining the sum shall be converted into the fund for the next succeeding current year."

It appears from these sections that the Legislature adopted as a policy the plan that counties and other municipal subdivisions should be compelled to limit their expenses to their respective incomes; that their debts, in so far as they exceeded such income, should become and be void and cease to exist, except for the purposes of entitling the creditor to his *pro rata* of moneys coming in from deferred taxes. The claim therefore of plaintiff's decedent became void and extinguished by force of statute, and so remained unless revived by subsequent legislation.

It is claimed however, that the status of this demand was changed by chapter 39, Laws of 1901, page 75, entitled:

"AN ACT ENLARGING THE BOUNDARIES OF M'KINLEY COUNTY AND PROVIDING FOR ITS ISSUING ESTABLISHMENT BONDS, AND FOR OTHER PURPOSES."

Section 1 of the act defines the new boundaries of McKinley county. Section 2 provides that the auditor, treasurer, and solicitor-general shall constitute a commission to ascertain the indebtedness of Bernalillo

county, less certain deductions therein mentioned, and to ascertain the proportion of such debt McKinley county should pay, based upon rules therein provided. It further provides that such findings by such commission shall be final on both counties. Nowhere in this section is the criterion furnished whereby it is to be determined by the commission what indebtedness of Bernalillo county is to be taken into account. Whether indebtedness, void under the Bateman Act, is to be considered, does not appear. Sections 3, 4 and 5 of the act have no bearing on this inquiry.

The remainder of the act is as follows:

"Sec. 6.    Whenever any new county has heretofore or shall hereafter be created out of territory composing a part of old counties, and which by law shall be required to assume and pay any part of the indebtedness of the old or original counties, from which territory has been or may be taken to form the new county, the share of the indebtedness to be assumed by the new county shall be determined according to the provisions of this act.

"Sec. 7.    All indebtedness due to creditors of the old county, which has not been paid or funded into bonds under the provisions of some previous act of the Legislature, shall be determined and fixed by judgment of a court of record, or order of the board of county commissioners of the old or original county, and when so determined and certified by judgment of court, or approval of the board of county commissioners, such judgment or approval certified according to law shall be received by the board of county commissioners, of the new county as conclusive evidence of the indebtedness due such officer or creditor of the old county.

"Sec. 8.    The new county shall be required to pay its proportionate share of such indebtedness in cash, or to issue bonds in payment of the same.

"Sec. 9.    If such new county is unable to pay such

indebtedness in cash, and elects to issue bonds in payment of the same, the board of county commissioners thereof shall issue bonds and deliver the same to the board of county commissioners of the old county, to be by them delivered to such creditors and officers of the old county.

"Sec. 10.    The board of county commissioners of the old or original county shall approve and certify as such indebtedness, all claims for services rendered by any officer or employee, or for any supplies furnished to such old county in good faith, any law heretofore passed to the contrary notwithstanding.

"Sec. 11.    This act shall be in force from and after its passage; and all acts and parts of acts in conflict herewith are hereby repealed and section nine (9) of chapter 19 of the Session Laws of 1899 is hereby repealed."

It is claimed by appellant that the latter part of the act applies to Bernalillo and McKinley counties, and by appellee that it does not.    It is to be observed that McKinley county had been created out of portions of Bernalillo and Valencia counties by the act of February 23, 1899 (Laws of 1899, page 43), section 1 of the act of 1901, supra, merely changing its boundaries, and hence it is a county "heretofore created" within the terms of section 6 of the act of 1901.    Therefore, in adjusting the indebtedness between these counties, the commission was authorized to take into account such claims against Bernalillo county as might, but for the act, be void.

Two methods are provided for the ascertainment of such indebtedness in all other cases except the counties of Bernalillo and McKinley, either of which may be pursued, viz.:    Either a judgment of a court of record, or a certificate of allowance by the board of county commissioners of the old county.    When so ascertained, it is made conclusive on both parties.    The act further provides that new counties shall pay, in cash or bonds,

its proportionate share of such indebtedness so ascertained, to the old county. But it is said that no obligaion on the part of the old county is created by the act to pay the creditor. It is true the old county is not, in terms, required to pay the creditor its share of the indebtedness, nor even to pay over the proportion received from the new county. It can hardly be contended, however, that the Legislature intended to allow the old county to collect from the new a proportion of an indebtedness which it certified as valid, and also permit the old county to keep the money and be heard to say to its creditor that the indebtedness was void. Common honesty forbids such a construction. And we think section 10 of the act is sufficiently broad to hold the old county liable. It provides that this class of indebtedness shall be *approved*. To approve an indebtedness is to say that it is valid and subsisting. If it is valid and subsisting, the law raises the obligation to pay. It is true section 10 only speaks of approval by the county commissioners. But it can not be said that one rule would be applied before the county commissioners, and a different rule when the matter is before the court as in this case. We think the Legislature has accomplished, though somewhat less clearly than would be desirable, what it intended, viz.: To make the old county liable to pay its indebtedness on claims of the enumerated character, of which that of the plaintiff is one, and that the district court was in error in dismissing the complaint as to the first cause of action.

We think there is no error in the court's action in regard to the second cause of action, of which the plaintiff can complain. The plaintiff's decedent, an attorney at law, was prevented, by death, from performing the contract. The most plaintiff could recover would be the reasonable proportion of the contract price which the services rendered bears to the whole services contracted for, or as otherwise stated, the reasonable

value of the services performed, and not the whole contract price.    Am. and Eng. Ency. (2 Ed.), 430; Cyc. 984; Baylor v. Morrison, Bibb. (Ky.) 103; Clendinen v. Black Bailey (S. C.), 488; 2 Am. Dec. 149; Callahan v. Shotwell, 60 Mo. 398; Hardin v. McKitrick, 5 J. J. Marsh. (Ky.) 667; Gordon v. Miller, 14 Md. 204; Bills v. Polk, 4 Lea (Tenn.) 494.

The pleadings do not indicate that any such theory was adopted, or that evidence of the reasonable value of the services would be admissible under them; and we assume that the case was tried upon the theory that the whole contract price was due.    In this the plaintiff was in error and could not complain of a judgment against him *in toto,* much less of one in his favor.

For the error in regard to the first cause of action, the cause will be remanded with instructions to grant a new trial and proceed in accordance with this opinion. And it is so ordered.

Mills, C. J., and McFie, A. J., concur.

Pope and Mann., JJ., did not participate in this decision, not having heard the argument, nor did Baker, J., who tried the case below.