## MULQUEEN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 172.

Circuit Court of Appeals, Second Circuit.
May 8, 1933.

Cadwalader, Wickersham & Taft, of New York City (Thomas Gilchrist and Clarence Castimore, both of New York City, of counsel), for plaintiff.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and John G. Remey, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and William E. Davis, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petitioner is the sole executrix of the will of Michael J. Mulqueen, who died October 12, 1924. He was her husband. He was an attorney at law practicing in the city of New York, and specialized in condemnation proceedings through which the city acquired property for public use. His business was conducted on a contingent basis, which made his fees dependent upon success and the amount a percentage of the award. When he died, some cases were unfinished.

A Mr. Lamb, who was a lawyer Mr. Mulqueen had had associated with him in his office, had a talk with Mrs. Mulqueen regarding these cases which were still pending. She was advised by her attorney that she had no claim for fees which could be enforced. However, she and Lamb agreed that he would get himself substituted as attorney in the place of Mr. Mulqueen, complete the cases, and di-

vide the fees thus obtained with her. The percentage of the fee in each case which would be retained by Mr. Lamb and the proportion he would turn over to Mrs. Mulqueen was agreed to. Subsequently, the oral understanding was put into the form of a written contract on July 6, 1925. Mr. Lamb completed the cases and paid Mrs. Mulqueen her share of the fees in accordance with their agreement. The taxes above referred to were assessed upon the amounts so paid to her, and the question for decision is whether or not that money was income to the estate.

As Mr. Mulqueen's fees were contingent under personal contracts with his clients, his estate had no enforceable claim against his clients under contracts not performed when he died. Baxter v. Billings (C. C. A.) 83 F. 790. Yet when the cases were successfully completed a lien for compensation in so far as Mulqueen had performed arose in favor of his estate under the law of New York. Sargent v. McLeod, 209 N. Y. 360, 103 N. E. 164, 52 L. R. A. (N. S.) 380; see, also, Badger v. Celler, 41 App. Div. 599, 58 N. Y. S. 653. To this extent, it may be said that Mrs. Mulqueen, as executrix, had an inchoate right to some portion of the ultimate fee in each case, eventually completed, when she entered into the contract with Lamb. The petitioner, however, claims nothing on this score, and in fact takes the contrary position and insists that the amounts received from Lamb were gifts pure and simple. We mention the possibility now to point out that had proof been obtainable some portion of the amounts Mrs. Mulqueen was paid could perhaps have been shown to have been corpus not subject to taxation as income regardless of its taxability otherwise. However no attempt was made to prove that, and so it was not error to treat the whole as income. Burnet v. Houston, 283 U. S. 223, 51 S. Ct. 413, 75 L. Ed. 991.

Nor has it been made to appear that the payments Lamb made to the petitioner were gifts. They were made in fulfillment of the obligations to her that he assumed under the contract. In accordance with its terms, she assigned to him "all her right, title and interest as an individual or as an Executrix in all claims against clients for professional services rendered during his life by Mr. Mulqueen. * * *" These claims were limited to schedules made a part of the contract. Whatever the nature of the rights the petitioner then had and transferred to Lamb, they were such that he was willing to and did pay for them. At least, his engagement was verbally one of payment, and there is no proof that he intended to make her a gift. He wanted to complete the cases; she wanted to have him do so; and they came to an agreement, each carried out, which resulted in the completion of the cases and the receipt by the petitioner of these sums of money. Even though Mrs. Mulqueen may have made a good bargain in disposing of uncertain rights, because Lamb was generous in agreeing to the percentage of fees to be paid to her, the payments he made to her were ostensibly made in performance of the contract which was entered into with no suggestion that he was using it to disguise an intended gift. So far as appears, the arrangement was advantageous to both parties. In the absence of proof that Lamb intended to make a gift of the money to the petitioner, there was no error in treating these payments, made and received in discharge of contractual obligations, as income for the taxable period in which each payment was made. Weagant v. Bowers (C. C. A.) 57 F.(2d) 679; United States v. Mahoning Coal R. R. Co. (C. C. A.) 51 F.(2d) 208.

Affirmed.