## ROE et al. v. SEARS, ROEBUCK & CO.

### No. 7947.

Circuit Court of Appeals, Seventh Circuit.
Jan. 15, 1943.
Rehearing Denied Feb. 2, 1943.

W. Robert Brown, of Chicago, Ill., and W. R. Brown, of Chicago, Ill., for appellants.

Charles Lederer, Sigmund Livingston, Archie H. Siegel, and Lederer, Livingston, Kahn & Adsit, all of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MINTON, Circuit Judges.

EVANS, Circuit Judge.

In May, 1933, Congress passed what was termed the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq. Section 9 of this Act provided for the levy of a processing tax. The Act was declared unconstitutional by a divided Supreme Court, January 6, 1936. United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. The Act had been sustained by the District Court, and reversed by a divided Circuit Court of Appeals, before it reached the Supreme Court. The uncertainty of its validity was early realized, and the defendant herein acting upon the possibility of its being voided, entered into a written contract with Attorney Clifford Roe, of Chicago, in December, 1933, whereby the latter was employed to recover Federal floor and processing taxes which it believed (or hoped) it was (or would be) entitled to collect from the Government, and from sellers from which it purchased merchandise subject to said processing taxes. Compensation was contingent upon recovery. The contract is set forth in the margin.[1]

[1] "We accept your proposition that you represent us as attorney to recover and obtain abatement, credit or refund of the floor and/or processing tax on agricultural commodities paid directly or indirectly to the Federal Government and/or to the seller, or included in the price of such commodities, that we may lawfully be entitled to recover and obtain under the law in such case made and provided; and we agree to pay you in full for your services twenty-five per cent (25%) of the first $100,000 recovered, abated, credited or refunded and ten per cent (10%) of

Attorney Roe died in June, 1934, and long prior to the recovery of any money by the defendant. Before his death, however, he performed some services, the exact character and amount of which we need not describe more than to say they were preliminary in character.

Following the decision of the Supreme Court, Congress passed an Act, 7 U.S.C.A. § 644, which provided for the refund of certain taxes paid under the said void process taxing Act, and defendant thereafter, so the complaint alleges, collected large sums of money from the Government *and from sellers*.

Plaintiff, Attorney Roe's widow and the executrix of his will, instituted this action on September 16, 1940. It was brought to collect compensation for the services performed by Roe under this contract.

Defendant answered but did not plead the statute of limitations as one of its defenses.

Plaintiff sought discovery through interrogatories which were answered in part and objected to as to the balance. Defendant, after filing its answer, submitted affidavits setting forth the above facts and moved thereon for a summary judgment of dismissal which was granted.

The court expressly stated that it based its decision solely on the defense of the Illinois five year statute of limitations. From this judgment of dismissal, this appeal was taken.

Defendant relies upon the Illinois five year statute of limitations.[2] Plaintiff argues for the application of the Illinois ten year statute of limitations.[3] Plaintiff also argues that her claim was not barred, even though the five year statute of limitations applies, because defendant recovered all of its refunds after January, 1936, whereas this action was brought within five years of such date.

Plaintiff also argues that the defendant's plea of the limitation bar was by it waived when it filed its answer, which did not plead the statute of limitations.

Defendant asserts and plaintiff denies that recovery is defeated because the tax refund was due to external causes, namely, Congressional action, and not to the efforts of Attorney Roe, or to any other attorney or agency. Defendant also argues that recovery by the representative of a deceased attorney for services rendered on a contingent fee basis can not be had when it appears that the attorney died before client had recovered any of the claim which he was employed to collect.

■ We are convinced of the soundness of the following propositions:

(a) The contract in question was an Illinois contract and liability thereunder is determined by the Illinois law and the Illinois statute of limitations.

(b) In Illinois, an attorney who has been employed on a contingent basis to collect a claim for his client and who dies before recovery by client is had, but who renders service pursuant to such contract, leaves a cause of action against the client, which survives his death. The contract of employment is ended by the attorney's death, but his representative may recover the reasonable value of the attorney's services, if client ultimately recovers on his claim.

(c) The statute of limitations does not begin to run until the client collects some part of his claim. As this was in 1936, plaintiff's cause of action was not barred even though the five year statute of limitations applied.

(d) Defendant having failed to plead the statute of limitations, it was waived. Defendant's subsequent motion for a summary judgment did not revive a defense which had been waived. Rules of Civil Procedure, Rule 8 (c), Rule 12 (b) and (h), 28 U.S.C.A. following section 723c.

■ (e) The amount of plaintiff's recovery is not here in issue. The trial court's dismissal of the action because of the statute of limitations took away *all* of plaintiff's claim and made recovery of *any* sum impossible.

such sums in excess of the first $100,000 recovered, abated, credited or refunded to us. You are not to incur any expenses for us without our prior written approval in each instance therefor, and you are not to begin any suit or proceeding wherein our name is used, without in each case our prior written consent."

[2] Chap. 83, Sec. 16, Smith-Hurd Ill. Ann.Stats.: "Actions on unwritten contracts, expressed or implied, * * * shall be commenced within five years next after the cause of action accrued."

[3] Chap. 83, Sec. 17. "Actions on * * * written contracts * * * shall be commenced within ten years next after the cause of action accrued; * * *."

*Statute of Limitations.* The cause of action did not accrue until defendant recovered part of the claim which Roe was employed to collect. Waterman v. Kirk's Estate, 139 Ill.App. 451, 454.[4]

There, it was said: " * * * If an attorney undertakes to prosecute a suit for a contingent fee payable out of what may be realized from the claim, the statute begins to run against his right to compensation only when the money is collected. 25 Cyc. 1081. The right of action on a claim depending on a contingency or condition does not accrue till the happening of the contingency or the fulfillment of the condition, and the statute does not begin to run till then. The death of the party before the contingency happens does not set the statute in motion in favor of his estate. The inchoate cause of action continues to exist against his personal representatives as it did against him. 19 Am. & Eng. Encyc. of Law, 2d Ed. 193, 194. We applied this rule of law in Quigly v. Harold, 22 Ill. App. 269."

If this were not the rule, an attorney's representative might be compelled to sue and recover only to have the client ultimately defeated in his right to receive anything.

■ Defendant waived the statute of limitations by not pleading this defense in its answer.

■ Defendant contends that it has the right to raise the defense of the statute of limitations by a motion for summary judgment. Generally speaking, this statement is sound. Rule 56 of the Rules of Civil Procedure; 3 Federal Rules Service 672. However, we have here a special factual situation. Defendant's motion for summary judgment was not made until after it had filed its answer. Rule 8 (c) of the Rules of Civil Procedure requires a party "pleading to a preceding pleading [to] set forth affirmatively * * * [the] statute of limitations." Rule 12 provides that the party "waives all defenses * * * which he does not present * * * in his answer."

■ When defendant moved for summary judgment it had filed an answer, the legal effect of which was a waiver of its defense of the statute of limitations. It could not, therefore, unless relieved from its default, revive the defense it had waived. We need not consider when a defendant may be excused from its failure to plead the statute of limitations, and be permitted to amend its answer, because the instant case presents no such question. The defendant herein sought no such relief.

*Right of Attorney to Recover for Services Rendered on a Contingent Fee Basis, Where Death of Attorney Intervenes Before Recovery.* It may be said that the law respecting rights of attorneys who are employed on a contingent fee basis and who are discharged by clients without cause before recovery is had, differs in various jurisdictions. In other words, there is contrariety in the decisions.[5]

■ We are, however, convinced that the decisions are well nigh unanimous[6] in holding that recovery may be had in contingent fee cases if the client ultimately recovers on its claim and the attorney rendered service in respect thereto, but dies before the client recovered. The theory seems to be that death terminates the contract of employment but the attorney having rendered services of value to his client, his estate may recover the fair value of the services rendered pursuant to the contract.[7]

4 This is contrary to what is stated by Williston on Contracts, Revised Edition (Vol. 6, sec. 2028). We are governed by the Illinois law.

5 Williston on Contracts, Vol. IV, p. 2871, Sec. 1029.

6 Sargent v. McLeod, 209 N.Y. 360, 103 N.E. 164, 52 L.R.A.,N.S., 380; Mulqueen v. Commissioner, 2 Cir., 65 F.2d 365; Morton v. Forsee, 249 Mo. 409, 155 S.W. 765, Ann.Cas.1914D, 197; In re Lichtblau's Estate, 146 Misc. 278, 261 N.Y.S. 863; Neale v. Hinchcliffe, 21 Ariz. 452, 189 P. 1116; Johnston v. Bernalillo County, 12 N.M. 237, 78 P.

43; Landa v. Shook, 87 Tex. 608, 30 S. W. 536; Coe v. Smith, 4 Ind. 79; In re Levy's Will, 207 App.Div. 183, 201 N.Y. S. 818; Succession of Payne, 155 La. 177, 99 So. 29; Sargent v. New York Cent. R. Co., McLeod, 209 N.Y. 360, 103 N.E. 164, 52 L.R.A.,N.S., 380; Baylor v. Morrison, 5 Ky. 103, 2 Bibb 103; Creason v. Harding, 344 Mo. 452, 126 S. W.2d 1179.

7 Whether the cause of action which survives is traceable to and arises out of the written contract so as to make the Illinois ten year statute of limitations apply need not be determined, because,

We quote from only three of the many authorities cited.

In Mulqueen v. Commissioner, 2 Cir., 65 F.2d 365, 366, the court said: "As Mr. Mulqueen's fees were contingent under personal contracts with his clients, his estate had no enforceable claim against his clients under contracts not performed when he died. Baxter v. Billings [8 Cir.], 83 F. 790. Yet when the cases were successfully completed a lien for compensation in so far as Mulqueen had performed arose in favor of his estate under the law of New York. Sargent v. McLeod, 209 N.Y. 360, 103 N.E. 164, 52 L.R.A., N.S., 380; see, also, Badger v. Celler, 41 App.Div. 599, 58 N.Y.S. 653. To this extent, it may be said that Mrs. Mulqueen, as executrix, had an inchoate right to some portion of the ultimate fee in each case, eventually completed, when she entered into the contract with Lamb."

45 A.L.R. 1158: "The rule that if an attorney dies after part performance, but before final adjudication or settlement of a case in which he has been employed, his estate is entitled to recover reasonable compensation for services rendered, appears to be well established."

5 Am.Juris. 365: "In the case of the disability or death of an attorney employed on a contingent basis before a final adjudication or settlement has been obtained, he or his estate, as the case may be, will be allowed to recover the reasonable value of the services rendered by him upon the subsequent successful termination of the litigation in the client's favor."

In the absence of an Illinois decision wherein the facts are on all fours with the facts of this case, we accept the holdings of the courts of other jurisdictions, as controlling. The Illinois courts' decisions[8] on the liability of a client who unlawfully discharges an attorney employed on a contingent fee basis, lend some support for the conclusion that in the case of the death of the attorney (instead of his discharge) Illinois will here, too, follow the majority rule.

Another contention of the defendant is that it was the Act of Congress, and not the services of Roe, which permitted defendant to make collection of refunds which the Act authorized. Without considering the effect of the Act of Congress upon defendant's liability to plaintiff, for taxes refunded by the Government to the defendant, it is sufficient, in disposing of this point, to call attention to the agreement which provided for Roe's compensation, not merely for the recovery of taxes, but for a percentage to be paid for "obtaining a recovery or refund of sums paid directly to the seller or included in the prices of such commodities, * * *" etc. The Act of Congress had no direct bearing on the right of the defendant to recover from its sellers the amounts paid them for food stuffs to which was added a sum equal to the process taxes.

As before stated, the amount of the services is not involved on this appeal. Plaintiff's suit was dismissed. Recovery was denied in toto. The jury, with proper instructions, must determine the amount, if the evidence sustains the complaint.

The judgment is reversed with directions to proceed in accordance with this opinion.

SPARKS, Circuit Judge, dissents.

---

in the case before us, the cause of action was not barred by the five year limitation statute.

[8] Goldberg v. Perlmutter, 308 Ill.App. 84, 31 N.E.2d 333; Bunge v. Downers Grove Dist., 356 Ill. 531, 191 N.E. 73; Morris v. Ekstrom, 291 Ill.App. 614, 10 N.E.2d 706; Caruso v. Pelling, 271 Ill. App. 318; Tulka v. Chicago Ry. Co., 259 Ill.App. 234; Town of Mt. Vernon v. Patton, 94 Ill. 65; Millard v. Richland County, 13 Ill.App. 527.